(No. 18390.—Judgment reversed.)
THE AMERICAN BRIDGE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANTONI GASZKOWSKI, Defendant in Error.)

*Opinion filed December 21, 1927.*

WORKMEN'S COMPENSATION—*burden is on claimant to establish case by preponderance of evidence.* The burden is on the injured employee to establish his claim to compensation by a preponderance of competent evidence, and where the manifest weight of the expert testimony shows that the injury complained of could not have resulted from the alleged accident, and there is evidence that the accident could not have happened as described by the employee, a judgment awarding compensation must be reversed.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

KNAPP & CAMPBELL, (J. L. EARLYWINE, of counsel,) for plaintiff in error.

John Gutknecht, and S. L. Steinberg, for defendant in error.

Mr. Chief Justice Heard delivered the opinion of the court:

On February 25, 1925, Antoni Gaszkowski, respondent, filed his application with the Industrial Commission of Illinois for adjustment of a claim for compensation for loss of his left eye as the result of an accident alleged to have been sustained by him while in the course and scope of his employment with the American Bridge Company. The case was heard by an arbitrator, at which hearing the employer denied that respondent had received an accidental injury and denied that the loss of the eye was due to an accidental injury. The arbitrator found that respondent had received an accidental injury arising out of and in the course of his employment on January 2, 1925, and allowed him compensation for the loss of the use of the left eye, which award was affirmed by the Industrial Commission upon review. Upon *certiorari* the circuit court of Cook county set aside the decision and remanded the cause to the Industrial Commission, with instructions to take such further testimony as either side desired to offer as to the cause of the disability. Upon remandment of the cause to the commission additional evidence was heard upon both sides, after hearing which the commission found that "any disability from which the petitioner may be suffering is not the result of an accidental injury sustained on the second day of January, 1925, arising out of and in the course of his employment with the said respondent, as alleged in the application for adjustment of claim herein," and denied compensation. Upon review by *certiorari* the circuit court of Cook county set aside the decision of the commission and in lieu thereof awarded compensation for the loss of the eye. By leave of this court the record is now here for review upon writ of error.

Respondent testified that he was fifty-eight years of age; that he started to work for the American Bridge Company on March 20, 1918, and worked until January 2, 1925, as fireman in the boiler room; that on that date he commenced work at half-past five in the morning; that about ten minutes after six he turned about 118 pounds of steam into the flues to clean them and blow the ashes out of them; that the steam blew ashes through the little opening in the top boiler door and hot ashes struck his eye with force; that after a while he went into the engine room and looked into a looking glass and with a piece of paper took the ashes out of his eye; that he worked steadily that day until fifteen minutes after four o'clock; that he worked thereafter every day, with the exception of Sunday, up to and including the sixth day of January; that his eye hurt a little every day and got a little worse; that on January 6 his eye was red and full of blood, and by direction of the boss he went to the company doctor, who sent him to an eye specialist, to whom he went on January 7, and that he had never had any trouble with his eyes before that time. This specialist testified as to his examination of respondent on January 7 and as to the physical conditions he found with reference to respondent's eye at that time, among other things stating that at that time there was no evidence on the surface of the eyeball of any external injury. He testified as to his diagnosis of the case and his continued treatment thereof until February 7, when he enucleated the eye, and it was turned over to a director of the laboratories at St. Luke's Hospital for pathological examination. The attending specialist testified that "from my examination and treatment of the man I don't see how the condition of the eye that I saw on January 6, and subsequently, could possibly be caused by ashes coming into his eye, or how that could possibly produce the changes I found in the eye at the time I examined it." The director of the laboratories at St. Luke's Hospital testified to an examination and dis-

section of the eye. He testified as to the conditions found by him, and gave it as his opinion that the conditions which he found could not have been caused by the injection of ashes into the eye while in the act of blowing out the flues of a boiler on January 2, 1925. Three other specialists, testifying as experts, in response to hypothetical questions gave it as their opinion that the condition described by the attending physician and the director of the laboratories could not have been caused in the manner claimed by respondent,' while another specialist testified that such conditions could have been the result of such accident. Two witnesses, the chief engineer and the chief mechanical engineer of the bridge company, testified that it was impossible for the accident to have occurred as claimed by respondent, for the reason that when steam is turned on to blow the dust off the flues of the boiler, air from the engine room rushes into the boilers through the door and peep-hole instead of coming out into the room. These were the only two witnesses examined on these two subjects.

We have not attempted to set out herein in detail the testimony of the various witnesses further than to show that upon the two vital questions in this case the manifest weight of the evidence was in favor of the contentions of plaintiff in error. The burden was upon respondent to establish his claim to compensation by a preponderance of competent evidence. This the Industrial Commission found he had failed to do. We are of the opinion that its finding was in accordance with the manifest weight of the evidence, and that the circuit court erred in setting aside and vacating its decision and entering an award in favor of respondent.

The judgment of the circuit court is therefore reversed.

*Judgment reversed.*